SHERLOCK, Respondent, v. DINNEEN, et al., Appellants.

(186 N. W. 958.)

(File No. 4979.   Opinion filed March 1, 1922.)

**Evidence—Personal Injuries—Damages, Janitor's Injury From Trap Door, Verdict for Plaintiff, Adverse Evidence Preponderate— Though Jury Question, Yet Reversible Error Re Whether Plaintiff Discharged After Injury—Rule.**

Where, on trial of suit for damages for personal injuries to plaintiff, defendant's janitor, from falling of a trap door upon his finger, verdict being for plaintiff, though record shows evidence preponderant for defendant, held, that while ordinarily Court should resolve all disputed issues in favor of prevailing party, and the question whether the original injury or a later infection to plaintiff's finger caused the greater injury was for jury, yet, permitting defendant who employed plaintiff to be asked on cross-examination whether after the accident he did not discharge plaintiff, and this followed by permitting him to be asked if he did not testify on former trial to the effect (as read from notes) that he did discharge him, and defendant's

counsel having in argument referred to this testimony, stating that defendant discharged him and that "that was one of the hardest and most severe blows that was imposed upon Mr. Sherlock"—was prejudicial and reversible error; such evidence being foreign to issue, and defendant's counsel must have known it to be highly improper and prejudicial; and his client, not opposing party, must suffer therefrom.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by John Sherlock, against John Maurice Dinneen and others, to recover damages for alleged personal injuries inflicted by falling of a trap door upon his finger while acting as defendant's janitor. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

For decision on former appeal, see 42 S. D. 533, 176 N. W. 519.

A. W. Wilmarth, for Appellant.

O. S. Hagen, and Kelley, Byrnes & Markey, for Respondent.

Appellant cited, re action of counsel: Burch v. Abercrombie, 50 L. R. A. (N. S.) 59.

Respondent cited: Kimm v. Walters, 133 N. W. 280.

WHITING, J. This cause was before us upon a former appeal; and our opinion therein will be found reported in Sherlock v. Dinneen, 42 S. D. 533, 176 N. W. 519. Reference is made to such opinion for a statement of the nature of the case, the issues raised, and the facts as they appeared from the evidence. The evidence upon the trial from which the present appeal was taken was practically the same as upon the former trial. The jury returned a verdict of $1,000; and from the judgment and an order denying a new trial this appeal was taken.

We have carefully reviewed the evidence herein, and can find none that would have supported a finding that defendants were in any wise negligent in the installation of the contrivance installed as a counterweight to the door. Plaintiff, however, testified that, shortly before the accident occurred upon which he bases his cause of action a new joist, to support this counterweight, was put in; that the carpenter who did this work stated that the counterweight was unsafe; that he (plaintiff) advised one of the defendants that, in his opinion, it was unsafe; and that such defendant promised to have it looked after, but did not. This tes-

timony was contradicted by such defendant and also by the carpenter. From the fact that the counterweight did slip out of its band at the time of the accident, the jury would be warranted in inferring that the band had become loosened. The verdict being for plaintiff, we ordinarily would be bound to resolve all disputed issues of fact in favor of plaintiff; and assume that plaintiff did advise such defendant that, in his opinion, the contrivance was unsafe, and that defendant promised to have the same remedied.

Under the evidence of the medical expert, there was a possibility that the later infection which caused perhaps the greater injury to plaintiff, resulted from the original injury and was not a secondary infection; but the clear preponderance of the evidence was to the effect that the later infection, which showed up some two weeks after the original injury, was a secondary infection not caused by the original injury but by something occurring thereafter.

Regardless of the fact, however, that the evidence, as it appears in the printed record, preponderates in favor of the defendants, we are bound to recognize that it is the province of the jury to determine the credibility of the witnesses; and we should feel bound to sustain its verdict and the judgment if there did not appear in this record what we deem prejudicial error—error committed over defendants' objection for the apparent purpose of wrongfully prejudicing the jury. Edmund Dinneen, who was a witness upon the former trial, was also witness upon the last trial. He is the defendant who employed plaintiff. Upon cross-examination of this witness, he was asked as to whether, after the accident complained of, plaintiff quit work or whether witness discharged him. This was objected to, among other grounds, because it called "for a conversation subsequent to this injury to which we haven't called any attention, and is incompetent and immaterial under the issues." This objection was sustained. Witness was then asked as to whether he did not give certain testimony upon the former trial—questions and answers being read to him. This was objected to by the defendants, and their objection overruled. Much testimony that was then received was of a nature which, though immaterial, could not have been prejudicial; but finally defendant asked Dinneen whether, upon the

former trial, the following question was not asked and the following answer made by him:

"Q. Didn't you have a conversation with him about the time he went home when he quit on the 9th? A. Yes; I discharged him."

To this the defendants interposed an objection; among other reasons urged in such objection being that plaintiff was "putting in this to lug in something that he talked to the jury about in the other case." The objection was overruled; and the witness answered, "Yes." Defendants moved to strike this evidence out because it was "incompetent and immaterial. Not an impeachment and not in any way contradicting what witness had said here, and lugging in something that they want to get to the jury that is prejudicial to these defendants." ·This motion was denied and exception allowed. That the trial court erred is too clear to permit of argument; whether or not defendants discharged plaintiff after this accident throws no light whatsoever upon the issues of this case; and there could have been but one purpose in seeking to get this fact before the jury—to inflame the minds of the jury against the defendants. The trial court should have advised counsel that such question was improper as soon as it was asked; it should have sustained the objection made thereto; and it should have cautioned the jury against drawing any inferences from the fact that the question purported to contain a statement made by the witness on the former trial. If there were any doubt whatsoever regarding the purpose in the mind of counsel, when seeking to get this prejudicial matter before the jury, it was entirely removed when counsel, in his argument to the jury, dwelt upon the fact that the evidence showed that defendants did discharge the plaintiff after the injury; counsel stated to the jury, in substance, that—

"Mr. Dinneen discharged the plaintiff at the time that the doctor told him to go home and go to bed; that that was one of the hardest and most severe blows that was imposed upon Mr. Sherlock."

Every party to an action in a court of justice is entitled to a fair trial; it is his right that no evidence foreign to the material issues of the case, and which would tend to prejudice the jury against him, should go before the jury; and, if counsel, in his

ardor, so forgets his duty as an officer of the court that he seeks to get into the record evidence of facts absolutely foreign to the issues before the jury, and facts which he must know to be highly improper and prejudicial, his client, and not the opposing party, must suffer because of his misdirected zeal.

The judgment and order appealed from are reversed.